OPINION
{¶ 1} Defendant-appellant Burlie Claude Quartman appeals from his conviction and sentence for Improperly Discharging a Firearm Into a Habitation and for having a Weapon Under a Disability. He contends that the State failed to present evidence sufficient to support the convictions and that the convictions are against the manifest weight of the evidence.
 {¶ 2} We conclude that the State presented evidence upon which a reasonable juror could conclude that the offenses had been proven beyond a reasonable doubt. We further conclude that the jury did not lose its way in deciding to convict Quartman. Therefore, the judgment of the trial court is Affirmed.
 I {¶ 3} On March 29, 2005, Jaquata Mitchell was in her home located at 936 Kammer Avenue. Mitchell, along with her daughter and niece, was seated in the living room when she heard a gunshot. Mitchell's son, Dedrick Goddard, was also in the home when the shot was fired. Dedrick was hit in the face by plaster when the bullet entered the home.
 {¶ 4} Following an investigation, Quartman was arrested and indicted for discharging a firearm and having a weapon under a disability. The matter was tried to a jury, and Quartman was convicted as charged. He was sentenced accordingly. From his conviction and sentence, Quartman appeals.
 II {¶ 5} Quartman's sole assignment of error is as follows:
 {¶ 6} "THE VERDICT OF GUILTY IS BASED ON INSUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 {¶ 7} Quartman contends that his convictions must be reversed because the State failed to prove that he possessed or discharged a firearm. Specifically, he claims that the State failed to present any direct evidence, in the form of eyewitness testimony or physical evidence, linking him to the shooting. He also claims that the jury lost its way in finding him guilty, because they were "misled" into believing that he fired a weapon.
 {¶ 8} When determining whether a conviction is against the manifest weight of the evidence, a reviewing court considers "not only the sufficiency of the evidence if believed, but also the believability of the evidence." State v. Jones (1996), 114 Ohio App.3d 306, 324. The relevant inquiry in determining the sufficiency of the evidence is, "after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273. When conducting a manifest weight analysis, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 9} Contrary to Quartman's assertions, the State did produce an eyewitness to the shooting. Keith Jones, who lived in the same duplex as Quartman, testified that he was walking toward his residence when he observed a "commotion" involving two or three kids. According to Jones, the kids were running and throwing bottles in the vicinity of his duplex. Jones observed Quartman come out onto the porch of the duplex and yell at the kids. Jones then observed a flash of gunfire, and heard the shot, come from the defendant. As Jones reached his duplex, Quartman turned to him and said, "[t]hey fucking with the wrong ones."
 {¶ 10} The State also presented the testimony of Dedrick Goddard. According to Goddard, he was upstairs in his bedroom when he heard people yelling. He said that he observed three teenagers "busting bottles," and Quartman on his porch yelling at the kids. Goddard testified that he then went downstairs, and that as he walked through the house he was hit by plaster when a bullet entered the home.
 {¶ 11} Willie Mitchell also testified for the State. He testified that he was alerted to the shooting by his daughter, who called him from the residence. Mitchell immediately returned home. Mitchell testified that he was directed to Quartman's home by some "neighborhood kids." Mitchell observed Quartman and Quartman's son on the porch of the duplex. Mitchell testified that he confronted Quartman, who denied shooting at Mitchell's house. Mitchell testified that he first accused Quartman's son of having fired the shot, but that Quartman stated that his son did not shoot at Mitchell's home. Mitchell then asked Quartman why he had fired a shot at the Mitchell house, to which Quartman responded, "I'm not shooting at your house. I'm shooting at the tree." Mitchell then testified that Quartman indicated that he had fired a shot at a tree located about two feet away from Mitchell's house.
 {¶ 12} Although none of the witnesses actually observed Quartman holding a weapon, we conclude that there is evidence that he discharged a firearm. This evidence, if believed, construed in a light most favorable to the State, permits a reasonable inference by the trier of facts that is sufficient to prove, beyond a reasonable doubt that Quartman discharged a firearm into the Mitchell residence. Therefore, we conclude that Quartman's claim that the State failed to prove the element of discharge of a firearm, as required by R.C. 2923.161, is without merit.
 {¶ 13} We further find the claim that the jury lost its way in deciding to convict lacks merit. The credibility of a witness and the weight attributable to the witness's testimony are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Despite Quartman's testimony that the other witnesses were not being truthful and that he did not commit the offense, the evidence submitted would permit a reasonable juror to conclude that Quartman was in possession of a gun, that he fired the gun, and that the bullet entered a residence.
 {¶ 14} Quartman's sole assignment of error is overruled.
 III {¶ 15} Quartman's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.